IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3103-FL

| | |
|---|---|
| JEREMY PAYLOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ORDER ) |
| REUBEN F. YOUNG; JENNIE LANCASTER; ROBERT C. LEWIS; AND LARRY DUNSTON, | ) ) ) ) |
| Defendants. | ) ) |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Also before the court are plaintiff's motion to appoint counsel (DE # 3), motion for a jury trial demand (DE # 9), and motion for a preliminary injunction (DE # 10). In this posture, these matters are ripe for adjudication.

The court first addresses plaintiff's motion to appoint counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint

counsel to assist him."). Because plaintiff's claim is not complex, and where he has demonstrated through the detail of his filings he is capable of proceeding *pro se*, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

The court turns to plaintiff's request for injunctive relief, captioned a motion for a preliminary injunction. The court construes plaintiff's motion for injunctive relief as a request for a temporary restraining order.[1] See Watson v. Garman, No. 7:12-cv-00037, 2012 WL 664066, at *1 (W.D. Va. Feb. 29, 2012) (construing motion for a preliminary injunction as one for a temporary restraining order where the defendants have not yet been served). Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order shall not issue in the absence of "specific facts . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed.R.Civ.P 65(b)(1)(A). The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

Here, plaintiff has not demonstrated that he likely is to succeed on the merits, nor has he alleged facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is not granted. Finally, plaintiff has not demonstrated that his request for a temporary restraining order

---

[1] The court notes that a temporary restraining order is governed by the same general standards as the issuance of a preliminary injunction. See Hoechst Diafoil v. Nan Ya Plastics Corp., 174 F.3d 411, 422 (4th Cir. 1999).

is in the public interest or that the balance of equities tips in his favor. Accordingly, plaintiff's motion for a temporary restraining order is DENIED.

The court next addresses plaintiff's motion for a jury trial demand. Where the right to jury trial is provided by the Constitution or statute, a party may demand a jury trial. Fed.R.Civ.P. 38. "A litigant involved in a § 1983 action seeking legal relief has a right to a jury trial on those issues." Holman v. Dunning, 991 F.2d 789, at *1 (4th Cir. Apr. 15, 1993) (citing Amburgey v. Cassady, 507 F.2d 728, 730 (6th Cir. 1974)). Accordingly, the court ALLOWS plaintiff's demand for a jury trial in this § 1983 action.

Finally, the court conducts its frivolity review. Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer, and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B). Because it does not clearly appear from the face of the complaint that plaintiff is not entitled to relief, the matter is ALLOWED to proceed.

In summary, plaintiff's motion to appoint counsel (DE # 3) and motion for a temporary restraining order (DE # 10) are DENIED. However, plaintiff's motion for a jury trial demand(DE # 9) is GRANTED. Finally, the court ALLOWS plaintiff to proceed with this action. Accordingly, the Clerk of Court is DIRECTED issue a separate order of investigation.

SO ORDERED, this the 5th day of November, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge